No. 640.

BENIAH P. PATTON vs. WILLIAM L. RICHMOND, SHERIFF, ET AL.

In November, 1874, plaintiff applied to be and was allowed to settle on the land seized in this instance as an actual settler, under the homestead law of Congress of the twentieth of May, 1862.

By the terms of this statute, land entered under its authority is not liable to seizure for the payment of any debt contracted prior to the issuing of the patent.

The debt now sought to be enforced existed before the land was entered. It can not, therefore, under the express terms of the statute, be seized.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. *S. G. Parsons*, for plaintiff and appellant. *Todd & Brigham*, for defendant and appellee.

MORGAN, J. In 1866, Heard obtained judgments against Patton. These judgments were recorded. In 1874, Heard obtained judgment against Patton, recognizing and rendering executory the judicial mortgages resulting from the recording of these judgments. To satisfy these judgments Heard issued execution, and has seized certain lands alleged to belong to Patton. Patton enjoins the sale on the ground that the property seized is not liable to be sold.

The land now sought to be sold belonged to the public domain. It was entered by Patton many years ago, but this entry was canceled. The title to the land then reverted to the government. In November, 1874, Patton

applied to be, and was, allowed to enter the land as an actual settler, under the homestead act of Congress of the twentieth of May, 1862. By the terms of this statute land entered under its authority is not liable to seizure for the payment of any debt contracted prior to the issuing of the patent.

The debt now sought to be enforced existed before the land was entered. It can not, therefore, under the express terms of the statute, be seized.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that there be judgment in favor of the plaintiff, and that the injunction herein issued be restored and made peremptory, defendant to pay costs in both courts.